UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

ROBYN MALEY,

          Plaintiff,

      v.

GREAT WOLF LODGE,

          Defendant.
_____

CIVIL ACTION NO. 3:15-CV-379

(Judge Kosik)

## **MEMORANDUM**

Before the court is Defendant's Motion to Dismiss the Amended Complaint (Doc. 7).  For the reasons which follow, we will deny Defendant's Motion to Dismiss the Amended Complaint, except to the extent that Plaintiff's request for injunctive relief will be dismissed.

BACKGROUND

Plaintiff, Robyn Maley, filed a Complaint in the instant action in the Court of Common Pleas of Monroe County in January 26, 2015.  The action was removed to this court on February 20, 2015.  The basis of the action are claims under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., the Pennsylvania Human Relations Act, 43 P.S. §951, et seq., and the Family and Medical Leave Act, 29 U.S.C. §2613, et seq.  Defendant filed a Motion to Dismiss (Doc. 3) on February 27, 2015.  Plaintiff filed an Amended Complaint (Doc. 5) on March 24, 2105.  On April 7, 2015, Defendant filed a Motion to Dismiss the Amended Complaint (Doc. 7) and a Brief in Support thereof (Doc. 8) on April 21, 2015.  Plaintiff filed a Brief in Opposition (Doc. 9) on May 7, 2015.  On May 21, 2015, Defendant filed a Reply Brief (Doc. 10)

STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the court must accept

all allegations in the complaint as true, and view all factual disputes in favor of the plaintiff. Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). A motion under Rule 12(b)(6) allows the defendant to raise the defense that the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations

supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

DISCUSSION

In the Amended Complaint (Doc. 5), Plaintiff asserts that she was hired by Defendant on July 13, 2007 in the position of a Sous Chef. She alleges that on May 2, 2013, she had shoulder surgery and was out of work for ten days. She returned to work on light duty, consisting of office work only, as ordered by her doctor. She alleges that she was unable to lift over her head. On July 23, 2013, Plaintiff had knee surgery and was unable to stand for extended periods of time following the surgery. She asserts that she reported her doctor's orders to Defendants and requested accommodations through Human Resources. Following the knee surgery, Plaintiff alleges that she applied for Family and Medical Leave Act (FMLA) leave which was granted until October 16, 2013. According to the Certification of Health Care Provider submitted to Defendant for her approved leave, Plaintiff would be temporarily incapacitated as a result of her surgery. Plaintiff was released by her physician to resume light duty work on September 1, 2013. Plaintiff alleges she was terminated by Defendant on September 25, 2013. Plaintiff alleges that she was unlawfully terminated because she had been out of work due to her shoulder and knee surgeries, and that Defendant unlawfully retaliated against her because she

could not perform her full duties upon her return to work from the two surgeries.

Plaintiff's Amended Complaint contains four Counts: Count I for unlawful retaliation in violation of the Americans with Disabilities Act; Count II for violation of Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*., as amended September 25, 2008; Count III for violation of the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq*.; and Count VI for violation of the Family and Medical Leave Act, 29 U.S.C. §2613 *et seq*., Prescriptive and Proscriptive Provisions. Plaintiff seeks equitable relief, injunctive relief, and damages.

In support of the Motion to Dismiss (Doc. 8), Defendant argues that Plaintiff has failed to state facts sufficient to sustain a cause of action in Counts I, II and III in violation of the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA). Specifically, Defendant argues that Plaintiff's Amended Complaint fails to state a claim of disability discrimination in that Plaintiff's allegations do not support that she is a qualified individual with a disability and that her conditions fail to limit one or more of her major life activities. Defendant also argues that because Plaintiff's injuries involved only short-term and non-permanent effect, her impairments do not qualify as a disability under the ADA. Defendant also argues that Plaintiff's allegations that she was retaliated against based upon her disability is not sufficient because she has not stated that she participated in a protected activity and has not set forth allegations that there is a connection between the alleged protected activity, requesting reasonable accommodations from the Human Resources Director, and Plaintiff's termination on September 25, 2013. Defendant raises these arguments as to Counts I, II and III[1].

To make out a prima facie case of disability discrimination under the ADA, a

---

[1]As Defendant points out, the Pennsylvania Human Relations Act (PHRA) and the ADA are generally interpreted in the same way. Thus, our findings as to the ADA apply to the PHRA as well. See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

plaintiff must demonstrate that he has a "disability" within the meaning of the ADA, that he is a "qualified individual", and that he "has suffered an adverse employment action because of that disability". The ADA defined disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment" 42 U.S.C. §12102(2) (Footnotes omitted). Rocco v. Gordon Food Service, 609 Fed. Appx. 96 (3d Cir. 2015).

In the Amended Complaint, Plaintiff asserts that:

19. Plaintiff suffered from a labral tear in her right shoulder and underwent surgery to repair it on May 2, 2013. Plaintiff's physician ordered that she be restricted from lifting and from rotating her arm over her head . Physician cleared her for "light duty" only, which would consist of office and clerical work.
20. Plaintiff avers that Defendant knew she was disabled. Plaintiff was impacted in a major life activity when she was unable to lift and took time off per doctor's orders.
21. According to the ADA Amendments Act of 2008 (ADAAA), lifting specifically constitutes a major life activity, as does working.
22. Plaintiff also suffered from torn ligaments in her knee and underwent surgery to repair it on July 23, 2013. Plaintiff's physician ordered that she be restricted from bending her knee or standing. Physician cleared her for "light duty" only, which would consist of office and clerical work.
23. Plaintiff notified Defendant's management officials including Executive Chef Ronald Market ("Market") and Food and Beverage Director Bill Patisis ("Patisis") about her medical condition, surgeries, and all physician prescribed restrictions.
24. After her knee surgery, Plaintiff applied for FMLA through Defendant's Human Resources director, Norma Frisbee ("Frisbee") and was granted FMLA leave until October 16, 2013.
25. Plaintiff avers that Defendant knew she was disabled. Plaintiff was impacted in a major life activity when she temporarily "incapacitated" and unable to bend her knee or stand for extended periods of time.
26. According to the ADA Amendments Act of 2008 (ADAAA), standing and bending specifically constitute a major life activity, and Plaintiff was "incapacitated."
27. Through Defendant's Human Resources department and on behalf of Plaintiff , Frisbee requested that Plaintiff be granted light duty accommodations (such as desk work) by Market and other supervisors.
28. The Plaintiff believes, and therefore avers, that her employment termination on September 25, 2013 was in retaliation for her needing accommodations because of her disability.

...

32. The Plaintiff believes, and therefore avers, that her medical condition is a

    "disability" within the meaning set forth in the Americans With Disabilities Act, 42 U.S.C. Section 12101, et seq., and 29 C.F.R. Section 1360.2(f) and (g).
33.  The Plaintiff believes , and therefore avers, that pursuant to 42 U.S.C. and Section 12102(2), the Plaintiff suffered from a medical condition that substantially limited one or more of her major life activities, that Plaintiff has a record of such impairment, and that the Defendants regarded the Plaintiff as having such an impairment.
34.  Plaintiff believes , and therefore avers, that she could perform the essential functions of her job with the defendant, as defined by 29 C.F.R. Section 1630.2(n), with a reasonable accommodation.
35.  The Plaintiff believes , and therefore avers, that the reasonable accommodation that she would have expected from the defendant would not have constituted any significant hardship to the defendant.
36.  The Plaintiff believes, and therefore avers, that the Defendant refused to grant the Plaintiff a reasonable accommodation within set forth in the Americans With Disabilities Act regulations, 29 C.F.R. Section 1630.2(o), i.e., by the defendant's refusal to provide the Plaintiff with appropriate accommodations set forth hereinabove and instead terminated her from her position.
37.  The Plaintiff believes, and therefore avers, that the Defendant has discriminated against her because of her disability , as set forth hereinabove. Plaintiff's supervisors, Market and Patisis, did not make inquires to Plaintiff about her recovery or condition. Plaintiff took all reasonable means to notify Defendant of her disability and the restrictions placed on her by her physician, including directly notifying Market, Patisis, and Defendant's Human Resources Department.
38.  The Plaintiff believes , and therefore avers, that the Defendant regarded her as being disabled. Plaintiff was granted FMLA leave until October 16, 2013 , for which she had applied through Defendant's Human Resources Department.

    Having reviewed the allegations set forth in the Amended Complaint, we find that the allegations are sufficient to state a claim under the ADA and PHRA. On a motion to dismiss, the court must consider all factual allegations as true and must make all reasonable inferences in the Plaintiff's favor. In reviewing recent case law dealing with the amendments to the ADA, we believe that the Plaintiff is entitled to conduct discovery and to offer evidence to support her claims under the ADA and PHRA. See, Matthews v. Pennsylvania Dept of Corrections, 613 Fed. Appx. 163 (3d Cir. 2015), citing Summers v. Altarum Institute, Corp., 740 F. 3d 325 (4th Cir. 2014). Lindsey v. St. Mary Medical Center, 2016 WL 878307 (E.D.Pa., March 7, 2016). Johnson v. Delaware Community College, 2015 WL 8316624 (E.D. Pa., December 9,

2015)². Accordingly, we will deny Defendant's Motion to Dismiss Counts I, II, and III.

Defendant next argues that Plaintiff's claim under the Family and Medical Leave Act (FMLA), Count IV, should be dismissed. We disagree. To state a valid cause of action for retaliation under the FMLA, Plaintiff must show: (1) she is protected under the FMLA; (2) she suffered an adverse employment action, and (3) the adverse action was causally related to her exercise of FMLA rights. Termination is an example of an adverse employment action. Johnson v. Delaware County Community College, 2015 WL 8316624 (E.D. Pa. December 9, 2015). The next step is to determine whether a casual link exists between the exercise of FMLA rights and the adverse action. To establish causation, a plaintiff must show either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory actions, or (2) a pattern of antagonism coupled with timing to establish a casual link. Budhun v. Reading Hospital and Medical Center, 765 F. 3d 245 (3d Cir. 2014).

In her Amended Complaint, Plaintiff asserts that she applied for FMLA leave, and it was granted until October 16, 2013. Plaintiff was released by her physician to resume light duty work on September 1, 2013. Plaintiff was terminated on September 25, 2013. We find that the Plaintiff's allegations are sufficient to establish a causal link between her taking FMLA leave and her termination. Accordingly, the Defendant's Motion to Dismiss Count IV will be denied.

Defendant next argues that the Amended Complaint should be dismissed because Plaintiff failed to join a proper/indispensable party since Plaintiff was an employee of Great Lakes Services, Inc., and not an employee of Great Wolf Lodge. Plaintiff responds that if Defendant provides more information as to Great Lakes Services, Inc., Plaintiff would seek leave of court to amend the complaint under Rule 15(c). We will deny Defendant's Motion to Dismiss at this time to allow Plaintiff the

---

²We note that the majority of cases cited by Defendant were prior to the 2008 Amendments to the ADA and were at the summary judgment stage.

opportunity to conduct discovery.

Defendant next argues that Plaintiff has failed to allege sufficient facts to sustain a claim for punitive damages. While we agree that Plaintiff sets forth a tenuous claim for punitive damages, we will allow the action to proceed to discovery on the punitive damages claim.

Defendant also argues that Plaintiff has failed to state sufficient facts to warrant injunctive relief in this case. Specifically, Defendant asserts that Counts I and II request that Defendant be permanently enjoined from discriminating against Plaintiff. We agree with the Defendant that Plaintiff's claim for injunctive relief for past harm should be dismissed. See, Bartlett v. Kutztown University, 2015 WL 766000 (E.D. Pa., February 23, 2015).

Finally, Defendant argues that the Amended Complaint should be dismissed because Plaintiff failed to exhaust her administrative remedies. As Defendant points out in its support brief (Doc. 8), based on the documentation filed by Plaintiff with her complaint, there was not sufficient information to determine whether Plaintiff exhausted her administrative remedies under the ADA and PHRA. We agree. However, this does not provide a basis for dismissal at this point. See, Bartlett, supra., 2015 WL 766000 at *7. In response to Defendant's argument, Plaintiff points to Exhibits C and D attached to the Opposition Brief (Doc. 9), which is a Notice of Charge of Discrimination filed with the Equal Employment Opportunity Commission on March 24, 2014 and a Dismissal and Notice of Rights dated and mailed on July 7, 2014. The action was filed in the Court of Common Pleas of Monroe County on January 26, 2015. Because Plaintiff has provided Defendant with additional information on the exhaustion issue, we will allow Defendant an opportunity to supplement the exhaustion argument and will provide Plaintiff the opportunity to respond. See, Styles v. Philadelphia Electric Co., 1994 WL 245469 (E.D. Pa., June 6, 1994). Thus, we will deny the Motion to Dismiss based on failure to exhaust administrative remedies at this time.