UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

ROBYN MALEY,                              :
                                          :
            Plaintiff,                    :
                                          :  CIVIL ACTION NO. 3:15-CV-00379
                                          :
            v.                            :
                                          :  (Judge Kosik)
GREAT WOLF LODGE,                         :
                                          :
            Defendant.                    :
_____

### MEMORANDUM

Before the Court is Defendant's Motion to Dismiss (Doc. 7) on the administrative exhaustion issue.  For the reasons that follow, we will deny Defendant's Motion to Dismiss.

### I. BACKGROUND

Plaintiff's Amended Complaint contains four counts: Count I - unlawful retaliation in violation of the Americans with Disabilities Act ("ADA"); Count II - violation of ADA, 42 U.S.C. § 12101, *et seq.*, as amended September 25, 2008; Count III - violation of Pennsylvania Human Relations Act ("PHRA"), 42 P.S. § 951, *et seq.*; and Count IV - violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2613, *et seq.*, prescriptive and prospective provisions.  (Doc. 5.)

Further relevant background has been fully set forth in our Memorandum dated March 31, 2016 (Doc. 11).  In that Memorandum, we allowed Defendant to supplement its argument on the exhaustion issue, and allowed Plaintiff to respond.  (Docs. 11 & 12.)  On May 2, 2016, Defendant filed a brief on the issue (Doc. 15), and on May 14, 2016, Plaintiff filed a brief in opposition (Doc. 16).  The issue is fully briefed and ripe for disposition.

### II. STANDARD OF REVIEW

A motion under Rule 12(b)(6) allows the defendant to raise the defense that the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P.

12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The Court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the Court winnows conclusory allegations from those allegations supported by fact, which it accepts as true, the Court must engage in a common sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the Court should be guided by its judicial experience. The Court must dismiss the complaint if it fails to allege enough facts "to state a claim to

relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

### III. DISCUSSION

Defendant argues that its Motion to Dismiss should be granted, because Plaintiff did not exhaust her administrative remedies. Specifically, Defendant argues that Plaintiff failed to exhaust her administrative remedies by not placing the Defendant on notice of the claims at the Equal Employment Opportunity Commission ("EEOC") level. Plaintiff responds by arguing that the reasonable investigation doctrine would establish that the instant claims sufficiently grew out of the EEOC filings. We agree with the Plaintiff.

A party who brings an employment discrimination claim under the ADA, must follow the administrative procedures set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e)(1). Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999) (citing Bishop v. Okidata, Inc., 864 F. Supp. 416, 424 (D.N.J. 1994)). Defendant does not dispute that Plaintiff timely filed a charge with the EEOC. Instead, Defendant questions whether Plaintiff exhausted her administrative remedies by placing Defendant on notice at the EEOC level.

After review of the charge of discrimination and accompanying documents submitted by Plaintiff (Doc. 16, Pl.'s Br., Ex. 1), we find that Plaintiff exhausted her administrative remedies and that Defendant was put on notice of the claims at the EEOC level. In the charge of discrimination, Plaintiff checked the retaliation and disability boxes and also specified her claims in the factual statement. Therefore, we will deny Defendant's motion to dismiss. An appropriate order follows.